CLERK U.S. DISTRICT COURT
NORTHERN DIST. OF TX
LUBBOCK DIVISION

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

2020 DEC -9  PM 4: 27

DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 5 - 20 CR - 0166 |
| LISA DAWN STABENO | |

## INDICTMENT

The Grand Jury Charges:

### Background

1. Church on the Rock (Church) is a non-denominational church located in Lubbock, Texas, with a membership of over 3,400 parishioners.

2. From in or about February 2013 to in or about July 2013, **Lisa Dawn Stabeno** worked at the Church's Dream Center, an outreach program founded for ministry to underserved individuals in East Lubbock.

3. In or about July 2013, **Lisa Dawn Stabeno** agreed to serve as the Church accounting manager.   **Lisa Dawn Stabeno** worked for the Church in this capacity until in or about July 2018.

4. The Church entrusted **Lisa Dawn Stabeno** to carry out financial and bookkeeping tasks related to church business.   In order to enable **Lisa Dawn Stabeno** to complete such tasks, the Church gave her access to its bank accounts and credit cards; such access was limited to performance of Church business.

5.  At all times relevant to this indictment, the Church banked at Prosperity Bank in Lubbock, Texas.   Prosperity Bank is a "financial institution" as defined under 18 U.S.C. § 20 because it is a depository institution insured by the Federal Deposit Insurance Corporation.

6.  At all times relevant to this indictment, the Church used credit cards issued by J.P. Morgan Chase Bank.   J.P. Morgan Chase Bank is a "financial institution" as defined under 18 U.S.C. § 20 because it is a depository institution insured by the Federal Deposit Insurance Corporation.

7.  From in or about July 2013 until in or about July 2018, **Lisa Dawn Stabeno** used her access to Church bank accounts and credit cards to knowingly execute a scheme and artifice to obtain monies from Prosperity Bank and J.P. Morgan Chase Bank under false and fraudulent pretenses, all of which ultimately deprived the Church of its money.

<u>Manner and Means of the Scheme to Defraud</u>

In order to accomplish her scheme and artifice to defraud, **Lisa Dawn Stabeno**:

8.  Used Church credit cards to make unauthorized charges for personal expenses;

9.  Used Church credit cards to make unauthorized charges for her family members' personal expenses, including medical debt, monthly rent payments, and car payments;

10.  Used Church credit cards without authorization to pay money to herself;

11.  Used Church credit cards without authorization to pay money to her business;

12.  Obtained personal credit cards that she used to: send payments through a point of sale device to individuals, including multiple family members, who purportedly

Lisa Dawn Stabeno
Indictment - Page 2

performed work for her business; send payments through a point of sale device to provide her business with cash infusions, that is, to supplement her business income; pay for personal expenses, including restaurant meals and spa services; and pay for vacations to various destinations, including Disney Land, LegoLand, Six Flags over Texas, and Las Vegas;

13. Generated unauthorized online transfers of money from a Church Prosperity Bank account, which was designated for mission outreach programs, to pay for charges incurred on personal credit cards;

14. Generated unauthorized online transfers of money from a Church Prosperity Bank account, which was designated for the Church Dream Center referenced in paragraph two of this indictment, to pay for charges incurred on personal credit cards; and

15. Generated unauthorized online transfers of money from a Church Prosperity Bank account, which was designated for general Church expenses, to pay charges incurred on personal credit cards.

## Counts One through Three
### Bank Fraud
(Violation of 18 U.S.C. § 1344(2))

The grand jury realleges and incorporates the allegations in paragraphs one through fifteen of this indictment as though fully set forth herein.   On or about the dates set forth below in the Lubbock Division of the Northern District of Texas and elsewhere, **Lisa Dawn Stabeno**, defendant, knowingly executed, and attempted to execute, a scheme and artifice to obtain money, funds, credits, assets, securities, and other property owned by and under the custody and control of, a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation, that is, J.P. Morgan Chase Bank, by means of materially false and fraudulent pretenses, representations, and promises, each of the transactions set forth below constituting a separate count.

| COUNT | DATE | FINANCIAL TRANSACTION | AMOUNT |
|-------|------|----------------------|--------|
| 1 | July 16, 2014 | Unauthorized payment with the Church's J.P. Morgan Chase credit card, last four digits 7704, to CollectTech for medical debts Stabeno's daughter incurred. | $4,812.16 |
| 2 | October 2, 2014 | Unauthorized payment with the Church's J.P. Morgan Chase credit card, last four digits 7704, to 806 Property Management for Stabeno's sister's rent payment. | $1,377.00 |
| 3 | June 23, 2015 | Unauthorized payment with the Church's J.P. Morgan Chase credit card, last four digits 7704, to Stanley AFE, LLC, for final payment on a car loan. | $1,293.33 |

Each Count in violation of Title 18, United States Code, Section 1344(2).

Counts Four through Six
Bank Fraud
(Violation of 18 U.S.C. § 1344(2))

The grand jury realleges and incorporates the allegations in paragraphs one through fifteen of this indictment as though fully set forth herein.    On or about the dates set forth below in the Lubbock Division of the Northern District of Texas and elsewhere, **Lisa Dawn Stabeno**, defendant, knowingly executed, and attempted to execute, a scheme and artifice to obtain money, funds, credits, assets, securities, and other property owned by, and under the custody and control of, a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation, that is, Prosperity Bank, by means of materially false and fraudulent pretenses, representations, and promises, each of the transactions set forth below constituting a separate count.

----continued on next page----

Lisa Dawn Stabeno
Indictment - Page 5

| COUNT | DATE | FINANCIAL TRANSACTION | AMOUNT |
|---|---|---|---|
| 4 | June 26, 2017 | Unauthorized online payment made with funds from the Church's Prosperity Bank Account ending in 6637 to Capital One for payment on Stabeno's daughter's credit card balance. | $3,500.00 |
| 5 | July 18, 2017 | Unauthorized online payment made with funds from the Church's Prosperity Bank Account ending in 6637 to Capital One for payment on Stabeno's daughter's credit card balance. | $14,701.69 |
| 6 | April 5, 2018 | Unauthorized online payment made with funds from the Church's Prosperity Bank Account ending in 3531 to Citibank for payment on Stabeno's daughter's credit card balance. | $4,020.76 |

Each Count in violation of Title 18, United States Code, Section 1344(2).

Lisa Dawn Stabeno
Indictment - Page 6

Forfeiture Notice
18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c)

1.      The allegations contained in Counts One through Six of this indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2.      Upon conviction of the offenses in violation of 18 U.S.C. § 1344(2) set forth in Counts One through Six of this indictment, the defendant, **Lisa Dawn Stabeno,** shall forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

3.      If any of the money described above, as a result of any act or omission of the defendant:

        a.      cannot be located upon the exercise of due diligence;

        b.      has been transferred or sold to, or deposited with, a third party;

        c.      has been placed beyond the jurisdiction of the court;

        d.      has been substantially diminished in value; or

        e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

        All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

A TRUE BILL:

_____
FOREPERSON

ERIN NEALY COX
UNITED STATES ATTORNEY

ANN HOWEY
Assistant United States Attorney
Texas State Bar No. 24032312
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
Telephone:    806-472-7351
Facsimile:    806-472-7394
E-mail:        ann.howey@usdoj.gov

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

THE UNITED STATES OF AMERICA

v.

LISA DAWN STABENO

INDICTMENT

COUNTS 1-6:    BANK FRAUD
Title 18, United States Code, Section 1344(2).
(6 COUNTS + FORFEITURE NOTICE)

A true bill rendered:
Lubbock _____ _____ Foreperson

Filed in open court this  9TH  day of  DECEMBER  , 2020.
ARREST WARRANT TO ISSUE

_____
UNITED STATES MAGISTRATE JUDGE